UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR AN INVESTIGATION IN THE MATTER OF INTERNET FRAUD | Case:  1:19-ml-00689 |

*Reference:*      *DOJ Ref. CRM-182-68750*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from the Republic of Korea.  In support

of this application, the United States asserts:

RELEVANT FACTS

1.      The Ministry of Justice of the Republic of Korea submitted a request for

assistance (the Request) to the United States, pursuant to the Treaty Between the United States of

America and the Republic of Korea on Mutual Legal Assistance in Criminal Matters, U.S.-S.

Korea, Nov. 23, 1993, S. TREATY DOC. NO. 104-1 (1995), (the Treaty). As stated in the

Request, Korean authorities are investigating an unknown suspect for fraud, which began in

December 2018 and ended on February 11, 2019 , in violation of the criminal law of Korea, specifically, Article 347 of the Criminal Act. Under the treaty, the United States is obligated to assist in response to the Request.

2.      According to Korean authorities, the suspect first met the 41-year-old female victim, a Korean citizen, via social media application Facebook in December of 2018. The suspect introduced him/herself as Alex, a surgeon serving in a United States military base in Yemen. In January of 2019, the suspect messaged the victim saying he wanted to live with the victim in Korea after retirement. He told the victim that he would soon receive $3,000,000 USD as a reward for his service in Yemen, but in the meantime needed to borrow money from her to pay transfer fees to have his money sent to Korea. He explained that he would pay her back as soon as he arrived in Korea.

3.      On February 11, 2019, the victim, based on the suspect's representation, wire-transferred $25,000 USD to Navy Federal Credit Union account, account no. XXXXXXXXXXXX4176, held for the benefit of Yaw Opokuware, located in the United States. Following the wire transfer, the suspect ceased communications with victim.

4.      To further the investigation, Korean authorities request U.S. authorities to provide bank records pertaining to Navy Federal Credit Union account number XXXXXXXXXXXX4176, held for the benefit of Yaw Opokuware.  Korean authorities request relevant bank records from the February 11, 2019 to February 28, 2019 timeframe.

## LEGAL BACKGROUND

4.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801);

United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty

should be construed liberally "to give effect to the purpose which animates it." United States v.

Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

     5.      The United States and the Republic of Korea entered into the Treaty to promote

more effective judicial cooperation and assistance between the parties in criminal matters. See

Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in

criminal investigations, prosecutions, and related proceedings, including assistance in serving

documents, obtaining testimony, statements, records, and executing searches and seizures.

Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use

compulsory measures to further the execution of such requests. Article 5 ("The Courts of the

Requested State shall do everything in their power to execute the request").

     6.      When executing a treaty or non-treaty request for assistance from a foreign

authority, an attorney for the government may file an application to obtain any requisite court

orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and

provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of
> Justice, of an Attorney for the Government, a Federal judge may issue such orders
> as may be necessary to execute a request from a foreign authority for assistance in
> the investigation or prosecution of criminal offenses, or in proceedings related to
> the prosecution of criminal offenses, including proceedings regarding forfeiture,
> sentencing, and restitution.

               *                   *                   *

> [A]n application for execution of a request from a foreign authority under this
> section may be filed . . . in the District of Columbia.

3

*     *     *

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

8.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

executes the request itself or delegates execution to another attorney for the government.[4]  Upon

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders

as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers

or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the

taking of testimony or statements and/or the production of documents or other things.  *See* 18

U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to

facilitate the execution of the request, including any procedures requested by the foreign

authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

      9.      Section 3512 also authorizes any person appointed to direct the taking of

testimony or statements and/or the production of documents.  The appointed person has authority

to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2)

administer any necessary oaths; and (3) take testimony or statements and receive documents or

other things. 18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

or other things, the person appointed, commonly referred to as the "commissioner," typically

uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or

executed anywhere in the United States. 18 U.S.C. § 3512(f).  A sample "Commissioner's

Subpoena" is included as Attachment A.

---

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. <u>See</u> 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

<u>REQUEST FOR ORDER</u>

10.    The Office of International Affairs has reviewed and authorized the Request, and

is executing the Request itself.  Consequently, this application for an Order appointing the

undersigned attorney as a commissioner to collect evidence and to take such other action as is

necessary to execute the Request has been "duly authorized" within the meaning of Section

3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry

of Justice, the designated Central Authority in the Republic of Korea. The requested Order is

necessary to execute the Request, and the assistance requested, <u>i.e.</u>, the production of bank

records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this

application was properly filed in the District of Columbia.

11.    This application is being made *ex parte*, consistent with U.S. practice in its

domestic criminal matters.

12.    When executing a foreign request for assistance in a criminal matter, both Section

3512 and the Treaty authorize the use of compulsory process comparable to that used in

domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S.

criminal proceedings (<u>i.e.</u>, grand jury and criminal trial subpoenas) are issued without notice to

any person other than the recipient (<u>i.e.</u>, no notice to targets or defendants), orders and

commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and

the applicable treaty likewise should require no notice other than to the recipients. This is true

even if the Requesting State, as here, seeks financial records, because the Right to Financial

Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the

execution of foreign requests for legal assistance. <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633,

639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re Letters of Request from the</u>

Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena.

13.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:     _____

Philip R. Mervis
Trial Attorney
FL Bar Number 41633
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-2718 telephone
(202) 514-0080 facsimile
Philip.Mervis@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA PURSUANT )
TO 18 U.S.C. § 3512 FOR ORDER FOR )
COMMISSIONER'S APPOINTMENT FOR )
*[Insert Nature of Case/Investigation]* )
)
)

*Reference:*     *[Insert DOJ#]*
***(Please repeat when responding.)***

### COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective]* *[Criminal][Penal]* Code.

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via Federal Express either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

Pursuant to the Court's Order signed on _____, 20__, no notice of this subpoena or its contents is to be given to any person unless otherwise authorized to do so by the Court, except

1

that _____ may notify *[its/his/her/their]* attorney for the purpose of obtaining legal

advice.

For failure to provide records **[If Applicable Add:** *and/or appear for testimony***]**, **[If**

**Confidentiality Is Requested, Add:** or for disclosure of the existence of the subpoena,**]** you

may be deemed guilty of contempt and liable to penalties under the law.


Date: _____

                        _____
COMMISSIONER
*[Insert Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) *[Insert Number]*
*[Insert Email Address]*

2